UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES BROOKS,

                           Plaintiff,

    v.                                                      9:15-CV-0090 (BKS/TWD)

MICHAEL HOGAN, et al.,

                           Defendants.

---

CHARLES BROOKS,

                           Plaintiff,

    v.                                                      9:17-CV-0585 (LEK/TWD)

ANNE MARIE T. SULLIVAN, et al.,

                           Defendants.

---

APPEARANCES:                                       OF COUNSEL:

CHARLES BROOKS
C262223
Plaintiff, pro se
CNYPC
P.O. Box 300
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN          TIMOTHY P. MULVEY, ESQ.
New York State Attorney General         Ass't Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

BRENDA K. SANNES
United States District Judge

# DECISION and ORDER

## I. BACKGROUND

Plaintiff Charles Brooks commenced this action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his constitutional rights. Dkt. No. 1 ("Compl."). Plaintiff is involuntarily civilly confined at the Central New York Psychiatric Center ("CNYPC") in the Sex Offender Treatment Program ("SOTP") under the custody of the New York State Office of Mental Health ("OMH") pursuant to Article 10 of the New York State Mental Hygiene Law. Compl. at 21. Plaintiff's second amended complaint is the operative pleading. Dkt. No. 33. The following claims set forth in the second amended complaint survived the Court's initial review: (1) plaintiff's Fourteenth Amendment due process claims against defendants Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco regarding plaintiff's placement in the Motivation on Deck ("MOD") Unit beginning in 2008; (2) plaintiff's Fourteenth Amendment claims that defendants Bosco, Nowicki, Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco denied plaintiff adequate mental health care; (3) plaintiff's First Amendment denial of access to the courts claims against defendants Hogan, Miraglia, Bosco, and Nowicki; and (4) plaintiff's Fourteenth Amendment conditions of confinement claims against defendants Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco. See Dkt. Nos. 34, 71.

After filing his second amended complaint, plaintiff moved for permanent injunctive relief in the form of his "immediate release" from civil confinement. Dkt. No. 88 at 1. Plaintiff alternatively moved for a hearing on the motion. *Id*. By Decision and Order entered May 11, 2017, this Court denied plaintiff's motion for permanent injunctive relief, and his alternative request for a hearing on the motion. Dkt. No. 112 ("May 2017 Order"). Thereafter, plaintiff commenced a second action ("Brooks II") against several of the same defendants, which was opened as case number 9:17-CV-0585 (LEK/TWD) on May 25, 2017.

The complaint in Brooks II asserts claims that also arise out of plaintiff's civil confinement, and was brought against twenty-eight individual defendants, who are identified as employees and officials of OMH and CNYPC. Brooks II, Dkt. No. 1-1, at 5-14. As in Brooks I, plaintiff claims in Brooks II that he has been subjected to restrictive conditions of confinement without due process and for punitive reasons. *Id*. at 17 (noting that the allegations in the complaint "further substantiate" his due process claims in Brooks I). Plaintiff contends that he does not display violent tendencies and that the named defendants are well aware that his confinement in a behavior MOD Unit is not appropriate. *Id*. at 43. Plaintiff also claims in Brooks II that the named defendants improperly denied his ongoing demands for individualized treatment, and retaliated against him for requesting such treatment by subjecting him to unlawful confinement. *Id*.

By Decision and Order entered September 29, 2017 (the "September Order"), United States District Judge Lawrence E. Kahn ordered that plaintiff's First Amendment retaliation claim and his Fourteenth Amendment due process claims regarding his restrictive confinement, lack of adequate mental health treatment, and denial of adequate clothing survive initial review and require a response from the twenty-five defendants defined in the

September Order as the "Treatment Team Defendants."[1]  Brooks II, Dkt. No. 4.

Presently before the Court are the following: (1) defendants' motion to consolidate this action ("Brooks I") with Brooks II, Dkt. No. 134; (2) plaintiff's motion for reconsideration of the May 2017 Order, Dkt. No. 146; and (3) plaintiff's motion for appointment of counsel, Dkt. No. 150.

## II.   MOTION TO CONSOLIDATE

Defendants have moved to consolidate Brooks I with Brooks II.  Dkt. No. 134. According to defendants, consolidation is appropriate because (1) both cases involve eleven of the same defendants, (2) the operative pleadings assert Fourteenth Amendment claims against several of the same defendants based on plaintiff's placement in the MOD Unit, and alleged inadequate mental health care, (3) "[a]ll of the issues in both cases involve plaintiff's care and treatment by OMH staff at CNYPC," and (4) plaintiff's First Amendment claims in each action, although factually different, "still revolve around his legal actions related to his involuntary confinement."  Dkt. No. 134-3 at 3-6.  Plaintiff opposes defendants' motion because this action is more than two years older, at a different procedural stage than Brooks II, and the complaint in Brooks II asserts claims against several defendants who are not defendants in Brooks I.  Dkt. No. 145 at 1.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 42(a) permits consolidation when two or more actions pending before the Court "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  "Consolidation is appropriate in order to serve the interests of 'judicial

---

[1] The names of these defendants are as follows: Charmaine Bill, Mark Cebula, Mallory Covelski, Lucy Dawes, Edwin DeBroize, Elizabeth Farnum, Shannon Forshe, Sergey Golovko, Emily Gray, Danielle Hermann, Katie LaRock, Michael Larkin, Terri Maxymillian, Christopher Mayer, Territa Mills, Jeffrey Nowicki, Michael Patterson, Erica Saxson, Kim Sokernyk, Vera Solavieva, and Sandra Tedesco, Donna Hall, Christopher Kunkle, Deborah McCulloch, and Anne Marie T. Sullivan.

economy.'" *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Consolidation under Rule 42(a) is permissive rather than mandatory and in considering a motion to consolidate, trial courts retain "broad discretion to determine whether consolidation is appropriate" in a particular case. *Johnson*, 899 F.2d at 1284-85.

"The fact that the cases are at different discovery stages is not fatal to the consolidation motion." *Monzo v. American Airlines, Inc.*, 94 F.R.D. 672, 673 (S.D.N.Y. 1982). Rather, "cases at different stages of litigation are routinely consolidated." *Internet Law Library, Inc. v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002); *Liegey v. Ellen Figg, Inc.*, 02-CV-1492, 2003 WL 21688242, at *2 (S.D.N.Y. July 18, 2003).

"In this circuit, courts have taken the view that considerations of judicial economy ordinarily favor consolidation." *McChesney v. Hogan*, No. 9:08-CV-1186 (NAM/DEP), 2009 WL 607398, at *2 (N.D.N.Y. Dec. 23, 2008), report and recommendation adopted by 2009 WL 607398, at *7 (N.D.N.Y. Mar. 9, 2009). "That discretion, however, is not unfettered, and ultimately the right to a fair and impartial trial takes precedence over considerations of convenience." *McChesney*, 2009 WL 607398, at *2. The party seeking consolidation "bear[s] the burden to demonstrate that the actions in question share common issues of law or fact." *Webb v. Goord*, 197 F.R.D. 98, 101 (S.D.N.Y. 2000) (citing *In re Repetitive Stress Injury Litigation,* 11 F.3d 368, 373 (2d Cir. 1993)).

The Court has carefully reviewed the operative pleadings in Brooks I and Brooks II, and is persuaded that there are sufficient common issues of law and fact to justify consolidation of these cases. Each action asserts constitutional claims arising out of the

5

content of the SOTP administered at the CNYPC, and specifically challenges the constitutionality of placing plaintiff in the MOD Unit and the adequacy of plaintiff's mental health treatment. *Compare* Brooks I, Dkt. No. 33 *with* Brooks II, Dkt. No. 1-1. While the alleged incidents giving rise to plaintiff's claims in Brooks I and Brooks II are different, plaintiff challenges in both actions (1) his placements in the MOD Unit without due process, and for the purpose of punishing him even though he has not displayed violent tendencies, and (2) the denial of appropriate individualized treatment for his mental health diagnosis. *See* Brooks I, Dkt. No. 33, at 25-53; Brooks II, Dkt. No. 1-1, at 17, 31-32, 43, 49.

Plaintiff's other Fourteenth Amendment claim in Brooks II relates to the denial of clothing, which plaintiff alleges has been ongoing since before Brooks I was commenced. *See* Brooks II, Dkt. No. 1-1, at 3-4, 6-7. In addition, plaintiff's retaliation claim in Brooks II relates in part to his placement in the MOD Unit in and after May 2015. *See* Brooks II, Dkt. No. 1-1, at 20-24, 30, 33, 38, 49. The only other claim which survived initial review in either action is plaintiff's First Amendment denial of access to courts claim asserted in Brooks I. *See* Brooks I, Dkt. No. 33, at 70-72.

In addition to the common issues of law and fact in each case, there is also an overlap in time period with respect to plaintiff's conditions-of-confinement claim asserted in Brooks II and all of plaintiff's claims asserted in Brooks I. Moreover, fifteen of the eighteen defendants in Brooks I and all twenty-five defendants in Brooks II are identified as members of plaintiff's "treatment team," and eleven of the defendants named in Brooks I are also defendants in Brooks II. *See, e.g.,* Brooks I, Dkt. No. 33 at 27-28, and Brooks II, Dkt. No. 1-1 at 2-3.[2]

---

[2] The three other defendants in Brooks I are defendants based on their alleged role in denying plaintiff access to the courts, which is a claim that is not asserted in Brooks II. *See* Brooks I, Dkt. No. 33 at 70-72.

6

Thus, consolidating the actions would serve consolidation's primary purpose: savings of expense and gains of efficiency. In fact, consolidation here would likely result in significant efficiencies because consolidation would result in addressing all at once the constitutionality of the treatment that gives rise to plaintiff's claims over a continuous period of time, thereby streamlining the course of litigation.[3]

While consolidation may have the effect of delaying resolution of the claims that are the subject of Brooks I, it appears there are issues of discovery that remain unresolved in Brooks I, and a trial date has yet to be scheduled. In addition, all defendants except one have been served in Brooks II (and the one defendant who has yet to be served is a defendant in Brooks I). Thus, the Court does not anticipate that any delay will be significant.

For these reasons, the Court finds that consolidation of Brooks I and Brooks II is appropriate. Accordingly, the Clerk is directed to consolidate Brooks II with Brooks I, and designate Brooks I as the lead case.

## III. MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party

---

[3] For example, consolidating the actions will allow one court to decide discovery, dispositive, and evidentiary motions that relate to the same issue.

seeks solely to relitigate an issue already decided." *Id.*[4]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law.  Rather, plaintiff contends that his motion for reconsideration is based on "mistake" (i.e., a clear error of law) and "newly discovered evidence" which was not available when plaintiff filed his motion.  *See* Dkt. No. 146 at 1.  After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the Court's May 2017 Order.

### A.  Clear Error of Law

This Court ruled in the May 2017 Order that plaintiff was not entitled to the injunctive relief he sought because (1) such relief could only be sought in a petition for a writ of habeas corpus, and (2) plaintiff could not demonstrate success on the merits simply by virtue of the fact that certain of his claims survived initial review.  *See* May 2017 Order at 3-5.  Plaintiff now argues that the Court's ruling that he could not seek immediate release in his Section 1983 action was a mistake because it is contrary to the ruling in *Karsjens v. Piper*, 845 F.3d 394 (8th Cir.), cert. denied, 138 S. Ct. 106 (2017).  *See* Dkt. No. 146 at 1, 4, 5-8.

As an initial matter, a ruling by a Circuit Court other than the Second Circuit is not binding precedent on this Court.  *See Bah v. Nordson Corp*., No. 00-CV-9060, 2005 WL

---

[4] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

1813023, at *8 n.14 (S.D.N.Y. Aug. 1, 2005) ("Nordson also cites to cases from outside of the Second Circuit, which, because they are not binding authority on this Court, will not be addressed."); *Grays v. City of New Rochelle*, 354 F. Supp. 2d 323, 325 (S.D.N.Y. 2005) ("The cases cited by Plaintiff, however, are not binding precedent on this Court because both come from a circuit other than the Second Circuit").  In any event, *Karsjens v. Piper* was a Section 1983 lawsuit brought by a class of civilly confined plaintiffs who sought to challenge the constitutionality of the Minnesota Civil Commitment and Treatment Act "on its face because the statutory discharge standards are more difficult to overcome than the initial statutory commitment standards" and "as applied because no person committed has ever been fully discharged from [Minnesota's sex offender program] and **because there is no automatic, independent, periodic review of an individual's need for continuing commitment**." 845 F.3d at 401 (emphasis added).  The Eighth Circuit found that the action could proceed under Section 1983, and was not barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Preiser v. Rodriguez*, 411 U.S. 475 (1973) – which decisions prohibit the use of Section 1983 to challenge the fact or duration of confinement and have been applied to persons civilly committed[5] – because there were no allegations in the operative pleading "that any specific class members should be immediately released." *Karsjens*, 845 F.3d at 406.  Rather, the relief sought by the plaintiffs in that case was "regular, periodic assessment

---

[5] *See, e.g., Downs v. Meyers*, No. 10-CV-203, 2012 WL 1014829, at *4-*5 (N.D.N.Y. Feb. 17, 2012) (applying *Heck* to bar action challenging involuntary retention at the Central New York Psychiatric Center), report and recommendation adopted by 2012 WL 996785 (N.D.N.Y. Mar. 23, 2012).; *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005) ("[T]he success of [plaintiff's] § 1983 claim would necessarily imply the invalidity of his civil commitment.").

reviews to determine if they continue to meet the standards for civil commitment." *Id*.[6] Therefore, "the injunctive relief sought would not necessarily imply the invalidity of the plaintiffs' commitment." *Id*.

In this case, the relief sought by plaintiff that is the subject of his motion for reconsideration is his immediate release from civil confinement. As the Court previously noted, the Supreme Court has made clear that federal habeas corpus review is used to challenge the legality of a state court order of civil commitment. *See* May 2017 Order (citing *Duncan v. Walker*, 533 U.S. 167, 176 (2001)). The plaintiffs in *Karsjens v. Piper* were not seeking immediate release from civil confinement, and therefore the ruling in that case is entirely inapposite.

Accordingly, plaintiff's motion for reconsideration on the basis of mistake is denied.

### B.   Newly Discovered Evidence

Plaintiff claims that, because the Eighth Circuit decided *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017) after the May 2017 Order, that decision constitutes newly discovered evidence. Dkt. No. 146 at 1. Plaintiff further identifies as newly discovered evidence Brooks II, a New York State Appellate Division decision denying his habeas petition, and a New York State Supreme Court, Oneida County Judge's Decision denying plaintiff's request for relief under New York Mental Hygiene Law Article 10.09(d), all of which occurred after plaintiff filed his motion for injunctive relief in this action. Dkt. No. 146 at 2-3; Dkt. No. 146-1; Dkt. No. 146-2. Plaintiff also identifies letter correspondence that he authored regarding his mental

---

[6] The statute at issue in *Karsjens v. Piper* did not contemplate an "automatic, independent, periodic review of an individual's need for continuing commitment," 845 F.3d at 401, which is distinguishable from New York law. *See* N.Y. Mental Hygiene Law § 10.09 (McKinney 2012).

10

health treatment and conditions of confinement, most, but not all, of which was prepared after plaintiff filed his motion for injunctive relief in this action. Dkt. No. 146 at 2-3; Dkt. No. 146-3.

None of the "newly discovered evidence" identified by plaintiff demonstrates that plaintiff will succeed on the merits of any of his claims. Moreover, "[t]o obtain a permanent injunction, a plaintiff must succeed on the merits and 'show the absence of an adequate remedy at law and irreparable harm if the relief is not granted.'" *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006) (quoting *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1362 (2d Cir. 1989)) (other citation omitted). As noted in the May 2017 Order, the fact that plaintiff's habeas petition was dismissed does not mean that the petition did not present an adequate remedy at law for plaintiff to seek his release. *See* May 2017 Order at 4 n.4. None of the "newly discovered evidence" identified by plaintiff changes this result.

Accordingly, plaintiff's motion for reconsideration on the basis of newly discovered evidence is denied.

## IV. MOTION TO APPOINT COUNSEL

Plaintiff seeks appointment of counsel because he is "computer illiterate" and CNYPC does not employ a "trained professional [with] experience in the field of computers" who is available to assist plaintiff. Dkt. No. 150 at 1. Plaintiff contends that the lack of assistance is the "reason for the first assignment of counsel." *Id.*[7] Plaintiff also claims that the computers

---

[7] Plaintiff previously filed a motion for counsel that was granted on November 1, 2016. *See* Dkt. No. 79 (Dancks, M.J.). Thereafter, plaintiff was assigned pro bono counsel on February 16, 2017. Dkt. No. 92 (Dancks, M.J.). After pro bono counsel successfully moved to strike defendants submissions in opposition to plaintiff's motion for a permanent injunction, *see* Dkt. No. 100, plaintiff filed a letter motion requesting that his assigned pro bono counsel be relieved of her duties. Dkt. No. 102. Plaintiff's motion was granted on April 18, 2017. *See* Dkt. No. 108 (Dancks, M.J.).

11

he is able to access do not possess "adequate information" that he needs to prepare motions and for trial.  *Id*. at 2.

There is no right to appointment of counsel in civil matters.  *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994).  Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance.  *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination.  *See id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir. 1990).  Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason ... why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61.  None of these factors are controlling, however, and each case should be decided on its own facts.  *Id*.

As an initial matter, plaintiff has not demonstrated that he has made any effort to obtain counsel from the public and private sector since he moved to have his prior assigned

12

counsel discharged of her duties.  In any event, a review of plaintiff's submissions in support of his motion for reconsideration shows that plaintiff has an ability to investigate pertinent facts and present his case, including through referencing recent case law.[8]  It is also unclear to the Court at this stage of the proceeding whether there will be conflicting evidence presented that implicates the need for cross-examination, let alone whether any such conflicting evidence will be the major proof presented to the fact finder.  In addition, the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

In light of the foregoing, the Court denies plaintiff's motion for appointment of counsel without prejudice.  Provided that plaintiff continues to have access to a computer that allows him to perform legal research, appointment of counsel is not necessary through the pre-trial phase of this consolidated action.  If this case survives any dispositive motions filed by defendants, it is highly probable that this Court will appoint trial counsel at the final pretrial conference.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that defendants' motion (Dkt. No. 134) to consolidate this action with Brooks II is **GRANTED**; and it is further

**ORDERED** that Brooks II is consolidated into Brooks I, all future filings in these cases are to be filed in the docket for case number 15-CV-0090; and it is further

---

[8] Plaintiff acknowledges in his opposition to defendants' motion to consolidate that there now exists a law library at CNYPC, Dkt. No. 145, and he further acknowledges in his motion for counsel that he has access to computers on which he is able to perform legal research.  Dkt. No. 146 at 1-2.

**ORDERED** that the Clerk shall designate this action as the lead case, reassign Brooks II to the undersigned, add to this action the defendants in Brooks II who are not already defendants in this action, re-docket the second amended complaint in Brooks I, and attach to it the complaint in Brooks II, which together shall represent the master consolidated complaint; and it is further

**ORDERED** that defendants shall answer or otherwise respond to all allegations in the master consolidated complaint within thirty (30) days of the docketing of that pleading; and it is further

**ORDERED** that upon receipt of the defendants' response to the master consolidated complaint, this matter shall be referred to Magistrate Judge Dancks for purposes of setting pretrial deadlines, including a deadline for Mandatory Disclosures with respect to the claims that are currently the subject of Brooks II; and it is further

**ORDERED** that this Decision and Order be docketed in Brooks I and Brooks II; and it is further

**ORDERED** that plaintiff's motion (Dkt. No. 146) for reconsideration is **DENIED**; and it is further

**ORDERED** that plaintiff's motion (Dkt. No. 150) for appointment of counsel is **DENIED without prejudice** to renew at some future time for the reasons stated above; and it is further

**ORDERED** that the Clerk shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

     **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: February 26, 2018
       Syracuse, NY

*/s/ Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge